## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41524 TJM |
| John W. Snyder and | ) | |
| Janice L. Snyder | ) | A Jointly Administered |
| Debtor/Farmers | ) | Chapter 11 for |
| | ) | the Reorganization |
| | ) | of Farmers |
| | | |
| IN RE: | ) | Case No. 10-41523 TJM |
| Janice & J. W. Snyder Inc. | ) | |
| Debtor/Farmer | ) | |
| | | |
| IN RE: J.W. Snyder Partnership | ) | Case No. 10-43556 |
| Debtor/Farmer | ) | |
| | | |
| IN RE: J Bar 2 Producers | ) | Case No. 10-43557 |
| Limited Partnership | ) | |
| Debtor/Farmer | ) | |
| | ) | Honorable |
| | ) | Judge Timothy J. Mahoney |
| | ) | Presiding |


## CONSOLIDATED DEBTORS DISCLOSURE STATEMENT


Dated: November 28, 2010

John W. Snyder
 and Janice L. Snyder
4572 Road 16
Harrisburg, Nebraska 69345

Janice & J.W. Snyder, Inc.
(Same address)

J.W. Snyder Partnership
(Same address)

J Bar 2 Producers
Limited Partnership
(Same address)

# ARTICLE I

## INTRODUCTION

The Consolidated and Jointly Administered Debtors listed above, under the U.S. Bankruptcy Rules, provides this Disclosure Statement, (hereinafter "Disclosure"), for all of its known creditors and other interested parties in order to disclose that information deemed by these Consolidated Debtors to be material, important, and necessary for his creditors to arrive at a reasonably informed decision in exercising their rights to vote for acceptance of these Consolidated Debtors Plan of Reorganization, dated November 28, 2010 (hereinafter "the Plan"), now on file with the Bankruptcy Court . This Disclosure Statement now is also filed. The Debtor believes this Disclosure Statement contains sufficient information as required by the Bankruptcy Code under 11 USC Section 1125.

Creditors and interested parties will be notified by the Bankruptcy Court as to the hearing date on the confirmation of the Plan, and creditors may attend such hearings.

NO REPRESENTATIONS CONCERNING THESE CONSOLIDATED DEBTORS, (PARTICULARLY AS TO HIS FUTURE OPERATIONS OR THE VALUE OF THEIR PROPERTIES), ARE NOT AUTHORIZED BY THESE CONSOLIDATED DEBTORS, OTHER THAN AS SET FORTH IN THIS STATEMENT. ANY REPRESENTATIONS OR INDUCEMENTS MADE, WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT, SHOULD NOT BE RELIED UPON BY YOU, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE REPORTED TO COUNSEL FOR THESE CONSOLIDATED DEBTORS, WHO IN TURN, SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR THE COURT TO TAKE SUCH ACTION AS MAY BE DEEMED APPROPRIATE. THE INFORMATION CONTAINED IN

THIS STATEMENT HAS NOT BEEN SUBJECT TO A CERTIFIED AUDIT. THE RECORDS KEPT BY THESE CONSOLIDATED DEBTORS, ARE DEPENDENT UPON THEIR OWN ACCOUNTING. BECAUSE THERE IS SOME COMPLEXITY TO THE DEBTORS' FINANCIAL AFFAIRS, ONLY A CERTIFIED AUDIT CAN ASSURE COMPLETE ACCURACY, THEREFORE, THE DEBTORS' ARE UNABLE TO WARRANT OR REPRESENT THAT THE INFORMATION CONTAINED HEREIN IS WITHOUT ANY INACCURACY, ALTHOUGH EVERY EFFORT HAS BEEN MADE TO BE ACCURATE.

## ARTICLE II

## THE PLAN OF REORGANIZATION

These consolidated Chapter 11 Debtor/Farmers shall continue to operate their extensive farming operations from their 4367.13 acres of farm lands located in Kimball and Banner Counties in Nebraska together with other leased lands. They shall continue to grow, plant and harvest their crops of wheat, sunflowers, and millet. (Attached to the Disclosure Statement is Group Exhibit 1 which outlines the income and Expenses for the period of December 1, 2010 through March31, 2011. The cash balances held by the Debtors as of the end of November 2010 are $357,179.

The crops shown on the Proforma of 9,100 bushels of wheat now in storage will not be sold, it is expected, until January, 2011.

The sunflowers predicted for harvest in January 2011 are estimated at $80,000, but this figure could be less because of the early snow. These are set forth in Group Exhibit 1 as of January 2011.

The Debtors expect no more checks in 2010 from any past government

programs or insurance.  These are now all finalized and paid.

It is from the farming business that creditors of these estates will be paid.

Under the Plan, all unsecured creditors will be paid in full.

Under the Plan, no liens will exist on farm crops or government farm programs after confirmation. This will leave the Debtor/Farmers if they need advances for crop expenses  with the ability to seek new outside sources of crop financing.

The one secured creditor, in this case, will be paid in full over a 15 year period. This creditor will be paid at the interest rate set by the Nebraska Local Rules at 5 ¼% interest.  This is 1% higher than the normal "Tell Rate" found appropriate by a prior U.S. Supreme Court decision. (Fee further detail as to this in the Plan.)


## ARTICLE III

## TREATMENT OF SECURED CREDITORS

The allowed <u>Class C</u> claim of American Mortgage Company of North Platte, Nebraska, secured by a First Mortgage on the 4367.13 acres of Debtor/Farmers' Farmlands and Buildings in Banner and Kimball Counties, Nebraska shall be paid its allowed secured claim annually over twenty five years with a balloon in 15 years in level annual amortized payments over 25 years at the "Till Rate" of 5.25% commencing January 15, 2012. (See <u>Exhibit C</u>.)

The allowed claim of <u>Class D</u> American Mortgage Company of North Platte, Nebraska with liens on the Debtors' vehicles, farm machinery, crops and intangibles shall be paid in full in one annual amortized payment as prescribed under provisions of <u>Class C</u> above.   After confirmation the liens on vehicles and farm machinery shall

continue to secure the American Mortgage fully secured claims. Liens on intangibles and post petition crops will cease at confirmation. (See <u>Exhibit D</u>.)

## ARTICLE IV

## <u>TREATMENT OF GENERAL CLAIMS</u>

The <u>Class E</u> claimants, who hold allowed unsecured claims in these four Consolidated Cases, shall be paid in full on the effective date of the Plan plus 6 months. (See <u>Exhibit E</u>.)

## ARTICLE V

## <u>TREATMENT OF EQUITY SECURITY HOLDERS</u>

The equity interests under <u>Class F</u> representing the Debtors ownership interests in this estate which will have no value, shall remain the property of these two individual Debtors.

## ARTICLE VI

## <u>BENEFITS OF THE PLAN</u>

Creditors, should support this Plan since it provides the only available remedy under the U.S. Bankruptcy Code for payment of Creditor claims.

Creditors should be cognizant that prompt approval of the Plan of Reorganization can hasten payments under the Plan. Prompt approval stops all further delay and proceeding in this case and further Chapter 11 costs and all without further litigation and/or appeals.

The projections shown herein in <u>Group Exhibit 1</u> should demonstrate that the four Debtor Entities present ability to provide a profitable bottom line.

<u>Exhibit 2</u> sets forth a liquidating analysis of this estate. (See <u>Exhibit 2</u> attached).

It should be noted by all reading this Disclosure Statement that unsecured creditors of these Consolidated Debtor/Farmers are being paid 100% under the Plan.

Creditors interested in the past Debtor-in-Possession operations since filing of Chapter 11 on 5/17/2010 can view the monthly DIP Income and DIP Disbursement records which are presently on file with the Clerk's office.

The Debtors have filed their monthly reports with the U.S. Trustee and the Court on a regular basis. Copies of these reports can be procured from the Clerk of the Court, office in Omaha, Nebraska.

These reports were prepared by the Consolidated Debtors' Accountant.

## ARTICLE VII

### <u>OPERATIONS DURING THE PENDENCY OF THE CHAPTER 11 CASE</u>

Since this the two original Debtors filed a Chapter 11 Petition on 5/17/2010, these two Debtors have continued to vigorously pursued their farming operations as Debtors-in-Possession underneath the jurisdiction of this Court.

## ARTICLE VIII

### <u>LITIGATION PENDING</u>

No litigation was pending prepetition.

# ARTICLE IX

## HISTORY AND DESCRIPTION OF THE DEBTORS AND THE BUSINESS

Both Janice and J.W. Snyder grew up on farms in Banner County, Nebraska.

Both Debtors graduated from the Banner County High School and were married when Janice was 18 years old.

When they were married they had a total of $200 in the bank and one car.

J.W. Snyder grew up on his father's farm. His father died when he was 11 years old and J.W. continued to help his mother farm his father's 640 acres which was ½ grass and ½ farmland.

It is from these humble beginnings that J.W. and Janice have expanded to a farm operation of about 7,000 acres.

The Snyders raised two children, one boy and one girl, both of who graduated from college.

# ARTICLE X

## SPECIAL RISK FACTORS AND GENERAL PROVISIONS

Certain risk factors are inherent in any Chapter 11 Plan of Reorganization. If such Plan is accepted by creditors and the Court, it is typically because the Plan represents a greater hope for return and for greater dividends than would be possible in State Court as the result of a dismissed Chapter 11 or the other alternative of continued litigation and/or appeal to higher Courts.

In a forced liquidation situation under State Law, the Debtors believe few assets would be available to apply to any unsecured or prepetition claims. Because of this, confirmation of this Plan is for the best interests of all creditors herein.

## ARTICLE XI

## POST REORGANIZATION OPERATIONS

The proforma showing post petition operations is attached as part of Group Exhibit 1.

## ARTICLE XII

## APPROVAL OF THE PLAN

As a general rule, in order for a Plan of Reorganization to be deemed accepted under the Bankruptcy Code, creditors in each designated class in such Plans, whose rights are impaired or altered and which hold at least two-thirds in amount and more than one-half in number of the allowed claims, must vote for the Plan.

In the event that this Plan is not accepted by at least two-thirds in amount and more than one-half in number of the creditors of each impaired class, pursuant to Section 1129(b) of the Bankruptcy Code, the Debtors may request the Court to confirm the Plan without such acceptance. In such a case, the Court will confirm the Plan, if all the requirements for confirmation set forth in the Bankruptcy Code are met, except for the acceptance by each class of creditors and if the Court finds the Plan meets certain standards as previously set forth.

The provisions in the Plan as to the treatment of unsecured creditors in Class E conform to the provisions of Section 1129 of the Code since these claims are all being paid in full.

For the reasons set forth herein, the Debtor request all Creditors and all interested parties to vote in favor of this Farmers Plan.

DATED:  November 28, 2010


                                        s/ William L. Needler
                                Consolidated Debtor/Farmers' Attorney



ATTORNEY FOR THE CONSOLIDATED DEBTOR/FARMERS

William L. Needler and Associates Ltd.
PO Box 177
714 West 7th Street
Ogallala, NE 69153
Bar ID 2025248
(308) 284-4505 ph
(308) 284-3813 fax
williamlneedler@aol.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41524 TJM |
| John W. Snyder and | ) | |
| Janice L. Snyder | ) | A Jointly Administered |
| Debtor/Farmers | ) | Chapter 11 for |
| | ) | the Reorganization |
| | ) | of Farmers |
| | | |
| IN RE: | ) | Case No. 10-41523 TJM |
| Janice & J. W. Snyder Inc. | ) | |
| Debtor/Farmer | ) | |
| | | |
| IN RE:    J.W. Snyder Partnership | ) | Case No. 10-43556 |
| Debtor/Farmer | ) | |
| | | |
| IN RE:    J Bar 2 Producers | ) | Case No. 10-43557 |
| Limited Partnership | ) | |
| Debtor/Farmer | ) | |
| | ) | Honorable |
| | ) | Judge Timothy J. Mahoney |
| | ) | Presiding |

## EXHIBIT C & D

CONSOLIDATED DEBTOR/FARMERS' PROFORMA

## THE CLAIM OF AMERICAN MORTGAGE COMPANY
## OF NORTH PLATTE, NEBRASKA

The allowed claim of American Mortgage Company of North Platte, Nebraska (hereinafter "AMC"), which on filing, which would be reduced by the post petition payments of Adequate Protection will be adjusted of course by reasonable fees and costs of AMC.

Since AMC is so over secured, it can take advantage of the Bankruptcy Code 506 (b) to have this Court determine what are reasonable costs under this section.

The Debtors assuming that the Adequate Protection payments and the interest and the fees for 7 plus months balance out at less than the present claim.

For information purposes, we will treat a claim here of $1,400,00O which based on a 5.25% amortization would be a yearly payment of $ 101,836.42.

AMERICAN MORTGAGE COMPANY 11-28-2010

Compound Period ......... :  Annual

Nominal Annual Rate .... :  5.250 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1  Loan | 11/28/2010 | 1,400,000.00 | 1 | | |
| 2  Payment | 11/28/2011 | 101,836.92 | 25 | Annual | 11/28/2035 |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Loan   11/28/2010 | | | | 1,400,000.00 |
| 2010 Totals | 0.00 | 0.00 | 0.00 | |
| 1   11/28/2011 | 101,836.92 | 73,500.00 | 28,336.92 | 1,371,663.08 |
| 2011 Totals | 101,836.92 | 73,500.00 | 28,336.92 | |
| 2   11/28/2012 | 101,836.92 | 72,012.31 | 29,824.61 | 1,341,838.47 |
| 2012 Totals | 101,836.92 | 72,012.31 | 29,824.61 | |
| 3   11/28/2013 | 101,836.92 | 70,446.52 | 31,390.40 | 1,310,448.07 |
| 2013 Totals | 101,836.92 | 70,446.52 | 31,390.40 | |
| 4   11/28/2014 | 101,836.92 | 68,798.52 | 33,038.40 | 1,277,409.67 |
| 2014 Totals | 101,836.92 | 68,798.52 | 33,038.40 | |
| 5   11/28/2015 | 101,836.92 | 67,064.01 | 34,772.91 | 1,242,636.76 |
| 2015 Totals | 101,836.92 | 67,064.01 | 34,772.91 | |
| 6   11/28/2016 | 101,836.92 | 65,238.43 | 36,598.49 | 1,206,038.27 |
| 2016 Totals | 101,836.92 | 65,238.43 | 36,598.49 | |
| 7   11/28/2017 | 101,836.92 | 63,317.01 | 38,519.91 | 1,167,518.36 |
| 2017 Totals | 101,836.92 | 63,317.01 | 38,519.91 | |
| 8   11/28/2018 | 101,836.92 | 61,294.71 | 40,542.21 | 1,126,976.15 |
| 2018 Totals | 101,836.92 | 61,294.71 | 40,542.21 | |
| 9   11/28/2019 | 101,836.92 | 59,166.25 | 42,670.67 | 1,084,305.48 |
| 2019 Totals | 101,836.92 | 59,166.25 | 42,670.67 | |
| 10   11/28/2020 | 101,836.92 | 56,926.04 | 44,910.88 | 1,039,394.60 |
| 2020 Totals | 101,836.92 | 56,926.04 | 44,910.88 | |
| 11   11/28/2021 | 101,836.92 | 54,568.22 | 47,268.70 | 992,125.90 |
| 2021 Totals | 101,836.92 | 54,568.22 | 47,268.70 | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

IN RE: ) Case No. 10-41524 TJM
John W. Snyder and )
Janice L. Snyder ) A Jointly Administered
    Debtor/Farmers ) Chapter 11 for
) the Reorganization
) of Farmers

IN RE: ) Case No. 10-41523 TJM
Janice & J. W. Snyder Inc. )
    Debtor/Farmer )

IN RE: J.W. Snyder Partnership ) Case No. 10-43556
    Debtor/Farmer )

IN RE: J Bar 2 Producers ) Case No. 10-43557
Limited Partnership )
    Debtor/Farmer )
)
) Honorable
) Judge Timothy J. Mahoney
) Presiding

<u>**GROUP EXHIBIT 1**</u>

<u>**CONSOLIDATED DEBTOR/FARMERS' PROFORMA**</u>

AMENDED SNYDER DEBTOR/FARMERS CONSOLIDATED ESTIMATED PROFORMA
4 MONTHS - DEC 2010 THRU MARCH 2011

|  | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 |  | Dec-10 | Jan-11 | Feb-11 | Mar-11 |  |  |
| 2 | BALANCE FORWARD | 423,179 | 314,479 | 414,879 | 391,379 |  |  |
| 3 | CROP INCOME WHEAT |  | 55,000 |  |  |  |  |
| 4 | CROP INCOME MILLET |  |  |  |  |  |  |
| 5 | CROP INCOME SUNFLOWER |  | 80,000 |  |  |  |  |
| 6 | FED CROP INS |  |  |  |  |  |  |
| 7 | USDA PAYMENTS (estimated) |  |  |  |  |  |  |
| 8 | SURE PROGRAM(FSA)(2008) |  |  |  |  |  |  |
| 9 | OIL LEASE INCOME | 2,000 |  |  |  |  |  |
| 10 | TOTAL MONTHLY INCOME | 2,000 | 135,000 | - | - |  |  |
| 11 | INCOME + BAL FORWARD | 425,179 | 449,479 | 414,879 | 391,379 |  |  |
| 12 | EXPENSES |  |  |  |  |  |  |
| 13 | LIVING EXPENSES | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |  |  |
| 14 | ELECTRIC | 450 | 450 | 450 | 450 |  |  |
| 15 | UTILITIES | 1,000 | 1,000 | 1,000 | 1,000 |  |  |
| 16 | PHONE | 250 | 250 | 250 | 250 |  |  |
| 17 | CONTRACT LABOR |  |  |  |  |  |  |
| 18 | GAS, DIESEL, OIL | 4,000 | 4,000 | 4,000 | 4,000 |  |  |
| 19 | FERTILIZER |  |  |  |  |  |  |
| 20 | INSURANCE | 1,200 | 1,200 | 1,200 | 1,200 |  |  |
| 21 | LEGAL & ACCOUNTING (SEE NOTE*) | 7,500 | 7,500 | 400 | 400 |  |  |
| 22 | MACHINE HIRE |  |  |  |  |  |  |
| 23 | SUPPLIES | 1,200 | 1,200 | 1,200 | 1,200 |  |  |
| 24 | SALARIES & WAGES | 8,000 | 8,000 | 8,000 | 8,000 |  |  |
| 25 | CONTRACT LABOR |  |  |  |  |  |  |
| 26 | REPAIRS | 4,000 | 4,000 | 4,000 | 4,000 |  |  |
| 27 | SEED | 50,000 |  |  |  |  |  |
| 28 | VEHICLE PERMIT |  | 4,000 |  |  |  |  |
| 29 | CURRENT TAXES |  |  |  |  |  |  |
| 30 | PAYBACK CASH COL. | 30,100 |  |  |  |  |  |
| 31 | MISCELLANEOUS | 1,000 | 1,000 | 1,000 | 1,000 |  |  |
| 32 | TOTAL OPERATING EXP. | 110,700 | 34,600 | 23,500 | 23,500 |  |  |
| 33 | RUNNING BAL=INC + BAL FORW - EXPENSE | 314,479 | 414,879 | 391,379 | 367,879 |  |  |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 34 | | | | | | | |
| 35 | | | | | | | |
| 36 | | | | | | | |
| 37 | | | | | | | |
| 38 | | | | | | | |
| 39 | * Note: PROFESSIONAL FEES SUBJECT TO COURT APPROVAL | | | | | | |
| 40 | NOTE BALANCE FORWARD CALCULATION | | | | | | |
| 41 | Ending balances 10/31/2010 | | | | | | |
| 42 | Snyder Corp. | 31,812 | | | | | |
| 43 | Snyder Partnership | 30,000 | | | | | |
| 44 | | 61,812 | | | | | |
| 45 | Plus Government payment held by | 4,332 | | | | | |
| 46 | | 66,144 | | | | | |
| 47 | Total November 2010 cash bal. forward | | | | | | |
| 48 | Total of checks rec'd 11/28/2010 | 357,035 | | | | | |
| 49 | TOTAL AVAILABLE CASH | 423,179 | | | | | |
| 50 | | | | | | | |
| 51 | | | | | | | |
| 52 | | | | | | | |
| 53 | | | | | | | |
| 54 | | | | | | | |
| 55 | | | | | | | |
| 56 | | | | | | | |
| 57 | | | | | | | |
| 58 | | | | | | | |
| 59 | | | | | | | |
| 60 | | | | | | | |
| 61 | | | | | | | |
| 62 | | | | | | | |
| 63 | | | | | | | |
| 64 | | | | | | | |
| 65 | | | | | | | |
| 66 | | | | | | | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41524 TJM |
| John W. Snyder and | ) | |
| Janice L. Snyder | ) | A Jointly Administered |
|     Debtor/Farmers | ) | Chapter 11 for |
| | ) | the Reorganization |
| | ) | of Farmers |
| | | |
| IN RE: | ) | Case No. 10-41523 TJM |
| Janice & J. W. Snyder Inc. | ) | |
|     Debtor/Farmer | ) | |
| | | |
| IN RE:   J.W. Snyder Partnership | ) | Case No. 10-43556 |
|     Debtor/Farmer | ) | |
| | | |
| IN RE:   J Bar 2 Producers | ) | Case No. 10-43557 |
| Limited Partnership | ) | |
|     Debtor/Farmer | ) | |
| | ) | Honorable |
| | ) | Judge Timothy J. Mahoney |
| | ) | Presiding |

## NOTICE TO ALL CREDITORS AND INTERESTED PARTIES

The Consolidated Debtor/Farmers Disclosure Statement with Exhibits is attached and hereunder served on you.

Should you determine that this Disclosure fails to provide you sufficient information for you to make a decision on whether to vote for the Plan, then you have the right to file a written objection.

This objection must be filed within <u>20 days or on or before the December 20, 2010 with the :</u>

Clerk
U.S. Bankruptcy Court
460 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508-3868

with a copy of the said objection served upon the Debtor's Counsel listed below.

Your objection should be specific as to what information is flawed or lacking.

Should you have any questions that you need clarification on, you may call the Debtor's Counsel listed below.


s/ William L. Needler

Attorney for the Consolidated Debtor/Farmers


ATTORNEY FOR  THE CONSOLIDATED DEBTOR/FARMERS
William L. Needler
William L. Needler and Associates Ltd.
PO Box 177
714 West 7th Street
Ogallala, NE 69153
Bar ID 2025248
(308) 284-4505 ph
(308) 284-3813 fax
williamlneedler@aol.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-41524 TJM |
| John W. Snyder and | ) | |
| Janice L. Snyder | ) | A Jointly Administered |
| Debtor/Farmers | ) | Chapter 11 for |
| | ) | the Reorganization |
| | ) | of Farmers |
| | | |
| IN RE: | ) | Case No. 10-41523 TJM |
| Janice & J. W. Snyder Inc. | ) | |
| Debtor/Farmer | ) | |
| | | |
| IN RE: J.W. Snyder Partnership | ) | Case No. 10-43556 |
| Debtor/Farmer | ) | |
| | | |
| IN RE: J Bar 2 Producers | ) | Case No. 10-43557 |
| Limited Partnership | ) | |
| Debtor/Farmer | ) | |
| | ) | Honorable |
| | ) | Judge Timothy J. Mahoney |
| | ) | Presiding |

## NOTICE OF FILING

PLEASE TAKE NOTICE, that on Friday, November 28, 2010, *the*

*CONSOLIDATED DEBTOR/FARMERS  DISCLOSURE STATEMENT* was filed with the

United States Bankruptcy Court for the District of Nebraska U.S. Bankruptcy Court,460

Federal Building,100 Centennial Mall North, Lincoln, Nebraska 68508-3868. (A copy of

this Disclosure Statement and Notice is attached.)


s/ William L. Needler
William L. Needler and Associates Ltd.

**PROOF OF SERVICE**

William L. Needler, an Attorney, hereby certifies that the above and foregoing was filed on November 28, 2010 with the Clerk of the Bankruptcy Court using the CM/ECF system, which will electronically notify the parties listed with the Court:

I certify that it was served to the Court Matrix by mail from Ogallala, Nebraska on or before November 30, 2010 with postage prepaid.

I also hereby certify that it was served by facsimile or e-mail to the persons listed below from his offices on November 28, 2010.

John and Janice Snyder
J. W. Snyder
4572 Rod 16
Harrisburg, Nebraska 69345
308-235-5687 cell
308-235-2573 home/fax


                                    s/ William L. Needler

ATTORNEYS FOR THE CONSOLIDATED  DEBTOR/FARMERS
William L. Needler
William L. Needler and Associates, Ltd.
PO Box 177
714 West 7th Street
Bar ID # 2025248
(308) 284-4505 phone
(308) 284-3813 fax
WilliamLNeedler@aol.com